## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM<br><br>Plaintiff,<br><br>vs.<br><br>**FRANK JOSEPH GUMATAOTAO REYES JR.,**<br><br>Defendant. | CRIMINAL CASE NO.: **CF0723-24-01**<br><br>**DECISION AND ORDER REGARDING DEFENDANT'S MOTION TO DISQUALIFY AND REMOVE SPECIAL PROSECUTOR** |

## INTRODUCTION

This matter came before the Honorable John C. Terlaje on June 16, 2025, for a motion hearing on Defendant Frank Joseph Gumataotao Reyes, Jr.'s ("Mr. Reyes") Motion to Disqualify and Remove Special Prosecutor. Present at the hearing were Special Assistant Attorney General Curtis C. Van de veld ("Mr. Van de veld") on behalf of the People of Guam ("the Government"), and Attorney Heather Quitugua on behalf of Defendant Reyes. Having reviewed the pleadings, the arguments presented, and the record, the Court now issues the following Decision and Order.

## BACKGROUND

Defendant Reyes faces charges stemming from alleged events occurring on or about September 8 to September 9, 2024 in Guam. The indictment in this case was originally filed on October 22, 2024, and a superseding indictment was charged and filed on April 14, 2025. In the original indictment, Mr. Reyes was charged with arson, desecration, obstructing

government function, and destruction of evidence. In the Superseding Indictment, Mr. Reyes is charged with Complicity to Commit Aggravated Murder, Complicity to Commit Murder, Conspiracy to Commit Aggravated Murder, Conspiracy to Commit Murder, and Complicity to Commit Aggravated Assault, in addition to the charges in the original indictment.

On April 28, 2025, Mr. Reyes filed a Motion to Disqualify and Remove Special Prosecutor Curtis Van de veld. The Government filed its Opposition to this Motion on May 30, 2025, and Mr. Reyes filed his reply on June 5, 2025. On June 16, 2025, the Court heard arguments on the Motion to Disqualify and placed the matter under advisement.

## DISCUSSION

At issue before the Court is whether Attorney Van de veld should be disqualified from acting as a Special Assistant Attorney General in this matter. Defendants argue that 1) Mr. Van de veld must be disqualified because his continued representation in this matter violates the Guam Rules of Professional Conduct ("GRPC") under Rule 1.7; 2) he has a financial interest in taking cases to trial; and 3) he improperly provided commentary on witnesses and evidence relative to the case during the grand jury hearing.

"Disqualification is a drastic course of action that should not be taken simply out of hypersensitivity to ethical nuances or the appearance of impropriety." *Barrett-Anderson v. Camacho*, 2018 Guam 20 ¶ 14 (citation omitted). The Supreme Court of Guam determined that "the appearance of impropriety standard ceased to be the standard for attorney disqualification after the 2003 adoption of the Guam Rules of Professional Conduct for criminal actions filed after the rules' effective date and for all subsequent attorney conduct in pending civil cases." *Id.* at ¶ 18. The "current standard for attorney disqualification is whether an attorney's continued representation of a party or participation in an action *violates or significantly risks violating the Guam Rules of Professional Conduct.*" *Id.* at ¶ 20 (emphasis added). "The 'significantly risk' portion of the test does not allow disqualification for potential

conflict, but for inevitable and material conflicts." *Id.* at ¶ 17 (citing *Bottoms v. Stapleton*, 706 N.W.2d 411, 417 (Iowa 2015)). "A conflict does not exist just because one party asserts it does." *State v. McKinley*, 860 N.W.2d 874, 880 (Iowa 2015) (quoting *Pippins v. State*, 661 N.W.2d 544, 547 (Iowa 2003)). The moving party bears "the burden of proving facts that establish[] the necessary factual prerequisite for disqualification." *Bottoms*, 706 N.W.2d at 418.

The Court disagrees with the Defendant that disqualification is required in this case due to a conflict of interest, but agrees that disqualification is necessary to avoid jeopardizing the Defendant's right to a fair and impartial jury trial.

I.     Defendant Reyes has Standing

First, Defendant Reyes is responsible to prove that he has standing to bring this issue before the Court. The United States Supreme Court has stated that standing under Article III of the United States Constitution contains three elements: 1) injury in fact that is (a) concrete and particularized, and (b) actual or imminent; 2) causal connection between the injury and the conduct complained of; and 3) likelihood that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). As Special Prosecutor Van de veld quoted in his Opposition, "[s]tanding to litigate often turns on imprecise distinctions and requires difficult line-drawing." *Campbell v. Louisiana*, 523 U.S. 392, 397 (1998). Mr. Van de veld argues that the existing standing caselaw should not be read to "allow a more broad ability to simply contend a due process right without specific indication of injury." Opposition By the People (May 30, 2025) at p. 8. The Court disagrees that this is what Defendant is requesting.

The guarantee of due process of law found in the second sentence of section 1 of the Fourteenth Amendment of the United States Constitution is extended to Guam with the same force and effect as in the United States or in any State of the United States. 48 U.S.C.A, 3

1421b(u). The 14th Amendment provides that no State shall "deprive any person of life, liberty, or property, without due process of law..." U.S. Const. amend. XIV, § 1. At its foundation, the due process right guarantees fairness in any legal criminal proceeding held against a defendant. "It is axiomatic that one has standing to litigate his or her own due process rights." *Campbell v. Louisiana*, 523 U.S. 392, 397-400 (1998). The Court believes that a perceived violation of due process is an injury in fact in itself, which Defendant argues has already occurred. Defendant specifically argues that, were it not for the alleged violation of due process, Defendant likely would not be facing "outlandish charges that appear to be unsupported in the record." Defendant's Brief in Support of Motion to Disqualify and Remove Putative Special Prosecutor (April 28, 2025).

While the Court does not comment on the veracity of Defendant's claims, these arguments by Defendant show that he has alleged an injury in fact that is concrete and actual, which was caused by Special Prosecutor Van de veld's conduct, and which could be redressed by his removal from this case. Furthermore, the Guam Rules of Professional Conduct "authorize courts 'to protect the public and maintain public confidence in the legal profession,' and 'to deter the misconduct of others.'" *Barrett-Anderson v. Camacho*, 2018 Guam 20 at 12 (*quoting Iowa Sup. Ct. Att'y Disciplinary Bd. v. Deremiah*, 875 N.W.2d 728, 737 (Iowa 2016)). Therefore, based on the above, the Court believes Defendant has standing to litigate this Motion.

II.     Conflict of Interest Under GRPC Rule 1.7

It is unlikely that Mr. Reyes can to object to Mr. Van de veld's participation in this case on the grounds of a conflict under GRPC Rule 1.7. Mr. Reyes does not currently have, and has not previously had an attorney-client relationship with Attorney Van de veld. A "non-client must meet stringent standing requirements, that is, harm arising from a legally cognizable interest which is concrete and particularized, not hypothetical." *Great Lakes*

*Constr., Inc. v. Barman*, 114 Cal. Rptr. 3d 301, 309 (Cal. App. 2010) (citing *Coyler v. Smith*, 50 F. Supp. 2d 966, 971-73 (C.D. Cal. 1999)). The general accusation that Mr. Van de veld has conflicting interests when he "represents defendants one moment in cases brought by the [OAG], and the next moment prosecutes other defendants as a representative of that same office" is insufficient to show that Defendant Reyes has a legally cognizable interest which is concrete and particularized, not hypothetical. Defendant Frank Joseph Gumataotao Reyes, Jr.'s Brief in Supp. Of Mo. To Disqualify and Remove Putative Special Prosecutor at p. 5 (Apr. 28, 2025). Therefore, the Court does not consider this point in its analysis of whether Mr. Van de veld should be disqualified in this case.

III.     Defendant's Right to a Fair and Impartial Judicial Process

As discussed above, the "current standard for attorney disqualification is whether an attorney's continued representation of a party or participation in an action violates or significantly risks violating the Guam Rules of Professional Conduct." *Id.* at ¶ 20 (emphasis added). "The 'significantly risk' portion of the test does not allow disqualification for potential conflict, but for inevitable and material conflicts." *Id.* at ¶ 17 (citing *Bottoms v. Stapleton*, 706 N.W.2d 411, 417 (Iowa 2015)).

In addition to the Guam Rules of Professional Conduct, the Court is also informed by persuasive legal sources, including the American Bar Association Criminal Justice Standards for the Prosecution Function, which provide guidance for the professional conduct and performance of prosecutors, as well as best practices in the profession. Under these standards, a prosecutor should not permit his or her "professional judgment or obligations to be affected by the prosecutor's personal, political, financial, professional, business, property, or other interests or relationships." Furthermore, a "prosecutor should not allow interests in personal advancement or aggrandizement to affect judgments regarding what is in the best interests of

justice in any case." ABA Criminal Justice Standards for the Prosecution Function, 4th ed. (2017), Standards 3-1.7(b), (f).

### a. Financial Interest

Based on the evidence provided in the form of Curtis Van de veld's legal consultancy contract with the Office of the Attorney General, the Defense has established that Mr. Van de veld has a financial interest in bringing cases where he acts as special prosecutor to trial. The third page of the provided contract states that "[t]he OAG agrees to compensate LEGAL CONSULTANT at a rate of three thousand and 00/100 dollars ($3,000.00) per month per assigned case for providing the services set forth in Section 1. The OAG agrees to compensate LEGAL CONSULTANT twelve thousand and 00/100 dollars ($12,000.00) in any month in which LEGAL CONSULTANT is trying a case, regardless of what other cases may be assigned to LEGAL CONSULTANT." While it may not be the case every month based on the number of cases Mr. Van de veld is handling, the fact remains that this contract promises a possibility of an additional $9,000 in the event that Mr. Van de veld takes a case to trial. The Court agrees with Defendant that this fee arrangement creates an incentive for Special Prosecutor Van de veld to bring as many cases to trial as possible. This personal, financial interest in taking cases to trial necessarily conflicts with the notion of pursuing justice, which is the role of a prosecutor.

Under GRPC Rule 1.7(a)(2), a lawyer must not represent a client when there is a concurrent conflict of interest, which exists when "there is a significant risk that the representation of one or more clients will be materially limited...by a personal interest of the lawyer." The Court believes that such a risk exists in this case because the nature of Mr. Van de veld's contract with the Office of the Attorney General creates a personal interest for him to bring this case to trial that would not be present for any other attorney representing the Office of the Attorney General who is not under such a contract. As Defendant has claimed,

the nature of Mr. Van de veld's contract with the OAG could incentivize an action such as bringing a superseding indictment against a defendant when the original indictment contained only significantly lesser charges.

The GRPC also contains rules prohibiting a lawyer from entering into an arrangement for a contingent fee in certain types of cases. While Rule 1.5(d) does not specifically state the case of a special prosecutor, it does prohibit "a contingent fee for representing a defendant in a criminal case." The Court believes that the policy reasons behind this prohibition apply to the case at hand. There is an ethical concern when a prosecutor receives greater compensation for taking a Defendant to trial because it leads the prosecutor to have a vested interest in securing an indictment that will ensure the case does go to trial. This concern is aligned with the principles enumerated by the US Supreme Court in *Young v. U.S. ex rel. Vuitton et Fils S.A.,* including that a "scheme injecting a personal interest, financial or otherwise, into the enforcement process may bring irrelevant or impermissible factors into the prosecutorial decision", and that the existence of an interested prosecutor "creates an appearance of impropriety that diminishes faith in the fairness of the criminal justice system in general." 481 U.S. 787, 808, 811 (1987) (citation omitted). Although the facts in this case are different than they were in *Young*, these principles remain applicable.

The fact remains that Mr. Van de veld is an interested party as a result of his fee arrangement with the Office of the Attorney General. Based on the above, this Court believes that there is a danger that financial incentives could have impacted Mr. Van de veld's previous decisions in how to prosecute this matter. However, whether or not these incentives actually had an impact, the existence of such incentives creates an appearance of impropriety with the potential to diminish faith in the fairness of the criminal justice system. Mr. Van de veld's continued representation of the People of Guam in this matter significantly risks violating the

Guam Rules of Professional Conduct, and the Court believes that the appropriate solution is to disqualify him from representation in this case.

b. Grand Jury Commentary

Upon *in camera* review of Mr. Van de veld's testimony during the grand jury hearing, the Court agrees with Defense counsel that Mr. Van de veld provided inappropriate commentary on witnesses and evidence relative to the case. Mr. Van de veld was introduced to the grand jury as a special prosecutor on this case, and was then allowed to testify as a witness. He repeatedly made conclusory statements regarding evidence, and whether or not particular statements from witnesses were reliable.

Under the GRPC, a prosecutor in a criminal case is required to "refrain from prosecuting a charge that the prosecutor knows is not supported by probable cause." Guam Rules of Professional Conduct Rule 3.8(a). A prosecutor must also "make timely disclosure to the defense of all evidence or information known to the prosecutor that tends to negate the guilt of the accused or mitigates the offense, and, in connection with sentencing, disclose to the defense and to the tribunal all unprivileged mitigating information known to the prosecutor." GRPC Rule 3.8(d).

Defendant has alleged that certain charges in the superseding indictment may not be supported by probable cause. Mr. Van de veld's representation of the facts in this case to the grand jury presented only one set of possible events. In a case, such as this one, where nearly all evidence is circumstantial and based on potentially conflicting witness testimony, Attorney Van de veld represented to the grand jury with his language and tone that his personal assumptions about the events were correct, and other perspectives should not be considered. The Court believes that this manner of presentation of evidence to the grand jury significantly risks violating GRPC Rule 3.8, which requires probable cause for all charges and the

disclosure of all evidence or information known to the prosecutor that could mitigate the offense or negate the Defendant's guilt.

Under GRPC Rule 3.7, a lawyer must not act as both an advocate and a witness. While this rule refers to trial, not to grand jury proceedings, the same principle may be applied. Having a prosecutor, who is introduced to the grand jury as the prosecutor on this case, as occurred here, stand as a witness and present a version of events while injecting personal commentary, is likely to impair the fairness of the grand jury proceedings.

Under GRPC Rule 8.4, it is professional misconduct for a lawyer to engage in conduct that is prejudicial to the administration of justice. Mr. Van de veld's testimony was presented in a manner that was likely to unfairly influence the superseding indictment against Mr. Reyes, and therefore is prejudicial to the administration of justice.

The Court believes that Mr. Van de veld's manner of presenting evidence during the grand jury created a material conflict with his continual representation of the People in this case. As a result, his continued representation of the People of Guam in this matter significantly risks violating the Guam Rules of Professional Conduct, and the Court believes that the appropriate solution is to disqualify him from representation in this case.

## CONCLUSION

For the foregoing reasons, the Court hereby GRANTS Defendant's Motion to Disqualify Special Assistant Attorney General Van de veld.

Further proceedings will be held in this matter on **June 26, 2025 at 9:00 am**.

SO ORDERED, this _23_ day of _June_ 2025.

**SERVICE VIA E-MAIL**

I acknowledge that an electronic Copy of the original was e mailed to

_AG, H. Quitugua_

Date _6/23/25_ Time. _4:31pm_

_Albert Childer Cu_

Deputy clerk, Superior Court of Guam

**HONORABLE JOHN C. TERLAJE**
Judge, Superior Court of Guam